

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Shelly Kamale, | ) | Civil Action No.: |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | 3-05CV1894-N |
| | ) | |
| Reliable Life Insurance Company | ) | |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Shelly Kamale, Plaintiff, complaining of the Reliable Life Insurance Co., and shows the Court as follows:

### I.

### PARTIES

1. Plaintiff Shelly Kamale is an individual residing at 2115 U.S. Hwy 80 E, Apt. 200, Mesquite, Dallas County, Texas 75150.

2. Defendant Reliable Life Insurance Company is a foreign corporation which is a citizen of the state of Missouri. Defendant may be served with process by serving CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201.

### II.

### JURISDICTION

3. This Court has jurisdiction over the lawsuit because this action arises under Title VII of the Civil Rights Act of 1964 as amended, the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 623 et. seq., the Americans with Disabilities Act of 1990 as amended, 42 U.S.C §§ 1981, 1983, 1985, and 2000e and following, and Texas common law.

4. Kamale brings this action to redress wrongs done to her by Defendant's decision to not

promote her to a manager's position for which she was the best qualified applicant. Such action constituted discrimination on the basis of national origin (Iranian), sex (female), age, and disability.

5.  Kamale further brings this action against Defendant for breach of a Mediation Settlement Agreement dated July 20, 2004, entered into by Plaintiff and Defendant in Dallas, Texas. A true and correct copy of the Mediation Settlement Agreement is attached and incorporated by reference for all purposes.

6.  Kamale brings this action after having exhausted her administrative remedies and receiving her dismissal and notice of rights from the U.S. Equal Employment Opportunity Commission ("EEOC"). On June 28, 2005, Kamale by and through the undersigned attorney, received a dismissal and notice of rights from the U.S. EEOC.

7.  Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under that statute, namely 42 U.S.C. § 2000e(f); and the ADEA and belongs to the class of employees protected under that statute, namely, employees over the age of 40 years, 29 U.S.C. § 630(f).

8.  Defendant is an employer within the meaning of Title VII, 42 U.S.C. 2000e(b), and the ADEA, 29 U.S.C. § 630(b).

9.  Plaintiff has the right to be free from national origin, age, and sex discrimination, as is guaranteed under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

III.

VENUE

10.  Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(c).

IV.

FACTS

11. Kamale was employed by Defendant beginning on June 12, 2000. She was trained on-the-job for two months to become an insurance agent, and then began functioning independently as an agent. Kamale immediately flourished as an agent for Defendant. She was recognized as the number one service agent for Defendant at the national meeting at the St. Louis home office for the years 2000, 2001, and 2002.

12. Kamale learned that a manager's position had become open in or about May 2003 and again in January 2004. Kamale had repeatedly told her district manager that she was aspiring to become a manager. Defendant does not post or advertise open positions for manager, and there was no way to officially apply for the manager's position.

13. Defendant chose a white male as a manager in May 2003 for the first opening.

14. Defendant chose another white male, aged in his mid-twenty's, as a manager in January 2004 for the second opening. This youthful male had only been working for Defendant for one year. His work performance was substandard as compared to Kamale's performance for the preceding three year period.

15. Kamale alleges upon information and belief there had only been one female manager in the Waco office of Defendant, and she had been demoted from the manager's position. As of January 2004, there were nineteen male and female agents working in the Waco office.

16. There were three other Iranians employed in the Waco office in January 2004, and all three have filed E.E.O.C. complaints relating to adverse employment actions.

17. During the time that Kamale worked for Defendant, she was assigned to a geographic

area in which her policyholders were in a low socio-economic status. Kamale had to go to the homes of her policyholders to collect payments. She often made repeated visits in order to collect the premium payments in a timely fashion. Kamale repeatedly asked for transfer to less work-intensive areas when agents for those areas had left the agency. Kamale was always denied transfers. Her district manger denied her transfers with comments to the effect that she was working very well in the area assigned to her.

18. On May 13, 2004, Kamale suffered a fall at the house of one of her clients in the course of performing her duties as an agent and employee of Defendant. Plaintiff required treatment in a hospital emergency room. Pain persisted for months, and she was unable to resume work until November 2004.

19. On or about June 1, 2004, Kamale filed a charge of discrimination with the Dallas office of the E.E.O.C. A mediation was conducted by EEOC on July 20, 2004 in Dallas, Texas, and a Mediation Settlement Agreement was signed by Kamale and the Defendant. A true and correct copy of the Mediation Settlement Agreement is attached hereto. In that agreement, Reliable Life Insurance Company agreed to pay Kamale $7,500 by August 11, 2004 and to consider her for transfer. Reliable also agreed that there would be no discrimination or retaliation against Kamale as a result of her filing of her charge of discrimination.

20. Reliable breached that agreement by never tendering the amount of $7,500 to Kamale nor fulfilling any of its other contractual terms. Instead, Reliable sent to Kamale a "Confidential Settlement Agreement And Release Of All Claims And Potential Claims" that totally violated the Mediation Settlement Agreement because it added numerous, additional, and substantial requirements and terms that Kamale had not agreed to in order to receive the $7,500. Kamale did

not sign the Confidential Settlement Agreement and Release of All Claims and Potential Claims.

21. On November 15, 2004, Reliable sent a letter to Kamale again asking her to sign Reliable's "New" Release. She did not do so. Reliable also asked her orally to return to work in early November 2004. She returned to work on or about November 18, 2004 to the Waco office. Reliable representatives then informed her that the Waco office was closed and to go to the Austin office, which she did. Finally, a representative of Defendant orally informed Kamale that she was terminated. Reliable then sent Kamale a letter dated November 22, 2004 terminating her. The letter stated that her appointments with Reliable and another company related to Reliable had been cancelled.

22. Kamale sought to mitigate her damages by seeking new employment. She engaged in an extensive job search. She finally obtained new employment in April 2005.

23. As a proximate result of the failure and refusal to promote Kamale, the breach of the Mediation Settlement Agreement, and her termination due to retaliation, Kamale has suffered substantial economic losses.

24. As a result of Reliable's unlawful termination, Kamale was compelled to cash in an existing 401(k) plan in order to continue living. She incurred a minimum early withdrawal penalty tax of $5,120.

25. Reliable has refused to pay medical bills that it was obligated to pay. Kamale has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant. Kamale suffered damages to her credit rating because she was unable to pay doctor's bills.

26. Kamale suffered severe mental anguish and emotional distress resulting from Reliable's

conduct.

27.   Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

28.   Kamale specifically requests the following:

   a.   The payment of the $7,500.00 awarded her in the Mediation Settlement Agreement dated July 20, 2004.

   b.   Back pay from May 2004 through and including the present for salary and benefits differential that she would have received had she been promoted to manager, less the salary she has received from her present employment.

   c.   Front pay including future salary and benefits differential from the date of filing through and including the next five years.

   d.   Penalties and taxes related to her liquidation of her pension account.

   e.   Attorney's fees.

V.

PRAYER

Kamale asks for judgment against Defendant for the following:

   1.   Compensatory damages in the form of full back pay of the amount that she would have been entitled to had she been given the promotion to manager, front pay, and the differential in retirement benefits attributable to the failure of Kamale to receive the described promotion;

   2.   Reimbursement for costs, expenses, and damages set out in paragraphs 23, 24, 25 and 26 above.

   3.   Costs of suit, including reasonable attorney's fees; and

4.  Prejudgment and post-judgment interest.

5.  All other relief the Court deems appropriate.

Respectfully submitted,

/s/ James D. Runzheimer

James D. Runzheimer
2405 Garden Park Court, Suite A
Arlington, Texas 76013
Telephone:   (817) 795-2020
Facsimile:   (817) 795-2063
E-mail: runz-law@swbell.net
State Bar No. 17398200
ATTORNEY FOR PLAINTIFF

Attachment
Mediation Settlement Agreement dated July 20, 2004.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Dallas District Office

207 S. Houston Street, 3rd Floor
Dallas, TX 75202-4726
(214) 655-3355
TTY (214) 655-3363
FAX (214) 655-3443

# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 310200403324

CHARGING PARTY: Shelly Kamale
RESPONDENT: Reliable Life Insurance Company

1. In exchange for the promises made by <u>RESPONDENT</u> pursuant to Charge Number  310200403324 CHARGING PARTY Shelly Kamale : agrees not to institute a law suit under ( <u>Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, the Americans with Disabilities Act of 1990, as amended</u>, based on EEOC Charge Number 310200403324

2. Further we agree that submission of this agreement to EEOC will constitute closure of EEOC Charge Number 310200403324.

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of any law, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, the Americans with Disabilities Act of 1990, as amended.

4. Respondent agrees that there shall be no discrimination or retaliation of any kind against CP as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5. This document and the Settlement Agreement between the Charging Party and Respondent constitutes the final and complete statement of the agreement between the EEOC, the Respondent and the Charging Party.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

7. As evidence of a good faith effort to resolve EEOC Charge Number 310200403324. Respondent offers and Charging Party accepts the following proposal of settlement: The Respondent Reliable Life Insurance Company agrees to pay the Charging Party Shelly Kamale the sum of Seven Thousand Five- Hundred Dollars and No Cents ($7,500.00). Payment will be made by August 11, 2004, and mailed to LaNelle L. McNamara @1921 Austin Avenue, Waco, Texas 76701. The Respondent also agree to Post all vacancies for managers positions within the Waco District and the managers job description, qualifications, duties and responsibilities will also be made available to all applicants seeking promotion to said position. Last, the Respondent will consider the Charging Party Shelly Kamale first for any transfer to the next vacant agency within the Waco District.

8. The Parties agree to keep the terms of this Agreement confidential and shall not reveal the existence of, or the terms of this Agreement except to their Attorney and Accountant who shall be made aware of the confidentiality of this Agreement.

_____          _____
Respondent                                                               Date

_____          _____
Charging Party                                                            Date

In reliance on the promises made in paragraphs 1, through 7, above, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under <u>Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Act of 1967 as amended, or the Americans with Disabilities Act of 1990, as amended</u>. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_____          _____
District Director                                                         Date

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Shelly Kamale

**DEFENDANTS**
Reliable Life Insurance Company

3-05CV1894-N

*[Stamp: SEP 23 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*ORIGINAL* [stamp]

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James D. Runzheimer
Attorney at Law
2405 Garden Park Ct., Ste. A
Arlington, TX 76013   817-795-2020

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII, ADEA, ADA, and 42 U.S.C. 1981, 1983, 1985, 2000e and 29 U.S.C. s. 623; national origin, age, sex, and disability discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 9/23/05

SIGNATURE OF ATTORNEY OF RECORD: *[signature: James D. Runzheimer]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____