IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHELLY KAMALE<br>　　　　Plaintiff<br><br>vs.<br><br>RELIABLE LIFE INSURANCE<br>COMPANY   Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No.: 3-05CV1894-N |

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT'S MOTION FOR COMPLETE
SUMMARY JUDGMENT**

James D. Runzheimer
Attorney at Law
State Bar No. 17398200
2405 Garden Park Court Suite A
Arlington, TX. 76103
Telephone No. (817) 795-2020
Facsimile No. (817) 795-2063
E-mail:  runz-law@swbell.net

ATTORNEY FOR PLAINTIFF
SHELLY KAMALE

# TABLE OF CONTENTS

I. SUMMARY..........................................................1

II. STATEMENT OF THE CASE......................................1, 2

III. ARGUMENTS AND AUTHORITIES

    A. Plaintiff's cause of action pursuant to 42 U.S.C. 2000e to 2000e-17 (Title VII) should be sustained because Reliable failed to promote Kamale on account of her sex (female), and Defendant has not articulated legitimate non-discriminatory reasons for denying Plaintiff two promotions to assistant manager, since the justification used by the Defendant was a mere pretext for discrimination ........2

    B. Kamale is entitled to rescind the MSA since Reliable conditioned its payment to Kamale upon Kamale signing a Confidential Settlement Agreement And Release Of All Claims And Potential Claims ("CSA & REL") that materially altered the terms of the Mediation Settlement Agreement MSA ............................................2, 3

    C. Plaintiff's cause of action for retaliation in violation of 42 U.S.C. 2000e - 3(a) should be sustained because Kamale establishes a prima facie case of retaliation ...............................3

## TABLE OF AUTHORITIES

FEDERAL STATUTES:

    42 U.S.C. §2000e to 2000e-17 (Title VII). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

FEDERAL CASES:

    McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36
    L.Ed.2d 668(1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct.
    1089, 67 L.Ed.2d 207 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    Village of Arlington Heights v. Metropolitan Housing Development Corp.,
    429 U.S. 252, 266 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    Kessell v. Mega Life and Health Ins. Co., 2005 WL 383700 (N.D. Tex.
    Feb. 15, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATE CASE:

    Atkins v. Beasley, 544 S.W. 2d 505, 507 (Tex. Civ. App. Waco, 1976, no writ). .2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHELLY KAMALE            )   Civil Action No.: 3-05CV1894-N
    Plaintiff            )
                         )
vs.            )
                         )
RELIABLE LIFE INSURANCE   )
COMPANY   Defendant      )

**PLAINTIFF'S BRIEF OPPOSING DEFENDANT'S MOTION FOR COMPLETE SUMMARY JUDGMENT**

Now comes Plaintiff Shelly Kamale, and submits the following Brief Opposing Defendant's Motion For Complete Summary Judgment in the above entitled and numbered civil action.

**I.
SUMMARY**

This Court should dismiss Defendant's Motion For Complete Summary Judgment in part, since Plaintiff raises triable issues of material fact with regard to her causes of action for sex discrimination, breach of contract, and retaliation.

**II.
STATEMENT OF THE CASE**

A.    Plaintiff has established a prima facie case of sex discrimination under 42 U.S.C. 2000e and following by virtue of Reliable's denial of promotions to Kamale for the positions of assistant manager in the Waco district office.

B. The Mediation Settlement Agreement ("MSA") should not be enforced since Reliable breached it by requiring Kamale to sign a materially different Confidential Settlement Agreement and Release of All Claims and Potential Claims ("CSA & REL") in order to receive $7,500 in monetary Compensation.

C. Reliable retaliated against Kamale in violation of 42 U.S.C. Sec. 2000e-3(a) by terminating her employment after she pursued her rights by filing a charge with the EEOC.

### III.
### ARGUMENTS AND AUTHORITIES

A. <u>Plaintiff's cause of action pursuant to 42 U.S.C. 2000e to 2000e-17 (Title VII) should be sustained because Reliable failed to promote Kamale on account of her sex (female), and Defendant has not articulated legitimate non-discriminatory reasons for denying Plaintiff two promotions to assistant manager, since the justification used by the Defendant was a mere pretext for discrimination.</u>

Plaintiff has a prima facie case of discrimination. Defendant has not articulated a legitimate, non-discriminatory reason for denying Plaintiff promotions to assistant manager. Defendant's stated reasons for the denial were a mere pretext for sex discrimination. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973). <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 67 L. Ed. 2d 207, 101 S.Ct. 1089 (1981).

She is entitled to rely on both direct and circumstantial evidence of discriminatory intent. <u>Village of Arlington Heights v. Metropolitan Housing Development Corporation</u>, 429 U.S. 252, 266, 97 S. Ct. 555, 564, 50 L. Ed. 2d 450 (1990).

B. <u>Kamale is entitled to rescind the MSA since Reliable conditioned its payment to Kamale upon Kamale signing a Confidential Settlement Agreement And Release Of All Claims And Potential Claims ("CSA & REL") that materially altered the terms of the Mediation Settlement Agreement MSA.</u>

This case can be distinguished from this Court's ruling in <u>Kessell v. Mega Life and Health Ins. Co.</u>, 2005 WL 383700 (N.D. Tex. Feb. 15, 2005) on the facts. In contrast to <u>Kessell</u>, Kamale did not receive any benefits as a result of the MSA. Instead, Reliable breached an executory agreement (MSA) by both the addition of terms to the MSA and the deletion from the MSA of a key provision (paragraph 4) when Reliable's attorney drafted the CSA & REL and required its signature in order for Kamale to receive the $7,500.

The substantial modifications of the MSA by Reliable was a material breach of the MSA. Accordingly, Kamale is entitled to rescind her agreement to the MSA. <u>Atkins v. Beasley</u>, 544 S.W. 2d 505, 507 (Tex. Civ. App. - Waco, 1976, no writ). Kamale should have her claims as to sex discrimination go to trial.

C. <u>Plaintiff's cause of action for retaliation in violation of 42 U.S.C. 2000e - 3(a) should be sustained because Kamale establishes a prima facie case of retaliation.</u>

The decision to terminate Kamale was made before November 18, 2004, when her six months short-term disability leave had expired. As Kamale stated in her letter to Becky Dobrinich on November 11, 2004, she had been orally terminated prior to that date [KAM APP 80]. Kamale's refusal to sign the MSA likely motivated her termination, not the uniform enforcement of a reasonable absence control policy. <u>Kessell v. Megal Life and Health Insurance</u>

Page 3

Company, 2005 WL 383700 (N.D. Tex. Feb 15, 2005.).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Court to deny in part Defendant's Motion For Complete Summary Judgment as to sex discrimination, the enforceability of the Mediation Settlement Agreement, and retaliation, sustain Plaintiff's causes of action as to those three causes, and for such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

/s/James D. Runzheimer\_\_\_\_
James D. Runzheimer
Attorney at Law
State Bar No. 17398200
2405 Garden Park Court, Ste. A
Arlington, TX. 76013
Telephone No. (817) 795-2020
Facsimile No. (817) 795-2063
E-mail: run-law@swbell.net
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Jodon
1301 McKinney Street, Suite 1900
Houston, Texas 77010

/s/James D. Runzheimer\_\_\_\_
James D. Runzheimer