IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLY KAMALE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| Vs. | § | NO. 3:05-CV-1894-N |
| | § | |
| RELIABLE LIFE INSURANCE COMPANY, | § | ECF |
| | § | |
| DEFENDANT. | § | |

DEFENDANT'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS
BILL OF COSTS

The Defendant, Reliable Life Insurance Company (Reliable Life), files this memorandum of authorities in support of its bill of costs as follows.

BACKGROUND

Reliable Life moved for summary judgment on September 29, 2006. On November 20, 2006, the Court granted Reliable Life's motion and dismissed Kamale's claims. *See docket # 19*. The Court entered Final Judgment in favor of Reliable Life on November 20, 2006 and awarded Reliable Life its costs. *See docket # 20*. Documentation of the costs incurred by Reliable Life in this matter is attached to the Declaration of G. Mark Jodon, attached hereto as Exhibit A.

ARGUMENT AND AUTHORITY

Rule 54(d) of the Federal Rules of Civil Procedure authorizes an award of costs to the "prevailing party." The rule, however, does not state what expenses are included as costs. The particular elements of costs are delineated in 28 U.S.C. §1920. That statute permits the recovery of costs for:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

1

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under Section 1923 of this title; and

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under Section 1828 of this title.

*See* 28 U.S.C. §1920 (West 1994); *see also* Bill of Costs form.  Reliable Life has included these items on its Bill of Costs to the extent such costs were incurred.

In addition, the fees for copies of paper are included on the Bill of Costs and itemized on the attached bills.  These copies were not made for the convenience of counsel, but for filing documents for the Court, sending documents to opposing counsel and the client, and necessary communication with the client.  *See PepsiCo, Inc. v. Swan, Inc.*, 720 F.2d 746, 747 (2nd Cir. 1983); *Scroggins v. Air Cargo*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Robinson v. Burlington Northern R. Co.,* 963 F. Supp. 691, 693-694 (N.D. Ill. 1997); *Andrews v. Suzuki Motor, Co., Ltd*., 161 F.R.D. 383, 386 (S.D. Ind. 1995); *Northcross v. Bd. of Education*, 611 F.2d 624, 642 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980).

The listing of costs in the statute is not exclusive.  Courts have held other expenses incurred in the defense of an action to be recoverable costs, and a category for "other costs" is included on the Bill of Costs form for an itemization of these expenses.  Examples of other costs that may be recovered include travel expenses, telephone charges, postage, messenger fees, and other related expenses.  *Copper Liquor, Inc. v. Adolph Coors Co*., 684 F.2d 1087, 1099 (5th Cir. 1982); *United States v. Kolesar*, 313 F.2d 835, 837-840 (5th Cir. 1963), *Migis v. Pearle Vision, Inc*., 944 F. Supp. 508, 517-518 (N.D. Tex. 1996), *aff'd in part and rev'd in part*, 135 F.3d 1041 (5th Cir. 1998);

2

*Embotelladora Agral Regiomontana S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417-418 (N.D. Tex. 1997); *Guajardo v. Estelle*, 432 F. Supp. 1373, 1388 (S.D. Tex. 1977), *modified on other grounds*, 580 F.2d 748 (5th Cir. 1978); *see also Barber v. Ruth*, 7 F.3d 636, 644-645 (7th Cir. 1998); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1473-1475 (10th Cir. 1997).

The costs identified in the Bill of Costs were necessarily incurred by Reliable Life in its defense of this action. All of these expenses were billed to Defendant, or will be billed to Defendant by its attorneys. Documentation of the specific items listed on the Bill of Costs is attached as Exhibit A. As a result, Reliable Life moves for taxation of the listed costs against the plaintiff.

WHEREFORE, having been awarded costs by the Court, Reliable Life, prays that Clerk tax costs in the amount of $ 5,534.73.

Respectfully submitted,

/s/G. Mark Jodon
G. Mark Jodon (Attorney-in-Charge)
State Bar No. 10669400
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.652.4739 (Telephone)
713.951.9212 (Telecopier)
Email: mjodon@littler.com

ATTORNEYS FOR DEFENDANT
THE RELIABLE LIFE INSURANCE COMPANY

OF COUNSEL:
Allan Huddleston Neighbors, IV
State Bar No. 24033660
and
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of December 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James D. Runzheimer
2405 Garden Park Court, Suite A
Arlington, Texas 76013

                /s/G. Mark Jodon
                G. Mark Jodon

Firmwide:81714424.1 035315.1011